# HOWELL *v.* HESS.

---

### APPEALS; RECORD ON APPEAL; PATENTS.

1. On an appeal from a decision of the Commissioner of Patents awarding priority of invention in an interference case, decisions of the Patent Office upon motions for dissolution of the interference in favor of the appellant, who contested the motions, are improperly included in the transcript of the record in this court, as are, also, copies of patents unnecessary for the determination of the issues presented here, and copies of briefs filed by the parties in the Patent Office.

2. Records on appeal should not be encumbered with unnecessary recitals,

and when it is made plain that such is the case they will be stricken out.

No. 370.    Patent Appeals.    Submitted October 11, 1906.    Decided October 11, 1906.

HEARING on a motion by the appellee in an interference case, on an appeal from a decision of the Commissioner of Patents, to strike out certain parts of the transcript of the record.

                                        *Granted.*

*Mr. W. W. Dodge* for the motion.

*Mr. F. C. Somes,* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appellee, Charles W. Howell, Jr., has filed a motion to strike from the transcript of the record certain parts thereof containing fifteen copies of patents, several briefs filed in the Patent Office by the parties in the course of the hearings there- in, and decisions of the Examiner of Interferences upon motions for the dissolution of the interferences. It appears that interferences were declared not only between Howell and Edward B. Hess, but between one Secor and another, in respect to certain of the claims. The appellee and Secor moved to dissolve the interferences. The ground of appellee's motion was noninterference in fact; that of Secor was the nonpatentability of the issue. Both motions were opposed by Howell, and were denied. The parties acquiesced in the decision on the motions, and Secor has since dropped out of the case.

Clearly the briefs of counsel filed in the Patent Office are not parts of the record, and we are unable to perceive the relevancy of the action on the motions to dissolve the interference, to the question of priority of invention. As a general rule, collateral questions of the kind have not been regarded as proper matters for consideration in the determination of the question of priority. Conceding that there may be exceptional cases in which such questions can be properly considered, it is evident that no

such condition exists in this case. The appellant was successful in his opposition to the several motions, and has no right to complain of the decisions thereon. The losing parties have acquiesced, and one of them is no party to this appeal. As the appellant pays the cost of the transcript and of printing the same, and no award of costs is made by this court in cases of this character, inquiries have not usually been made in respect to the papers incorporated therein; and motions to incorporate additional papers and proceedings have ordinarily been granted where there was any reasonable ground to suppose that they might have any bearing upon the questions appealed.

It is important, in the prompt disposition of appeals, that records for submission shall not be encumbered with unneces· sary recitals, and when it is made plain that such is the case they will be stricken out.

As it is manifest that the papers recited in the motion to strike out have no relevancy to the question to be determined, the motion will be *granted.* It is so ordered.